# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered into by and between ASH STREET VENTURE, INC dba HOUSE OF EDEN ("Ash Street" or "COMPANY") and Ronald Theron Smith, ("Smith,) on the one hand, and Sarah Goodrich ("Goodrich" or "ENTERTAINER"), on the other hand, (collectively, "the Parties").   This Agreement arises with respect to certain disputes, claims and alleged causes of action that have existed by and between the Parties.

## RECITALS

### A.   THE ACTION

1.   On December 30, 2021, Plaintiff Sarah Goodrich filed an action in the federal district court for the Central District of California-Southern Division styled *Goodrich v. Ash Street Venture Inc. dba House of Eden and Ronald Theron Smith et al.*, Case No. 8:21-cv-02134, (the "Federal Action").

2.   On February 9, 2022, Ronald Theron Smith and Ash Street Ventures were served with process of the above-entitled complaint.

3.   On March 28, 2022 the Parties reached an agreement in principle to settle the above-entitled lawsuit.

4.   The parties have now decided to fully resolve the dispute and all claims between them, on the terms and conditions set forth below.

## TERMS AND CONDITIONS OF AGREEMENT

NOW, THEREFORE, INCORPORATING THE RECITALS ABOVE BY REFERENCE, AND IN CONSIDERATION OF THE PROMISES AND COVENANTS HEREIN, THE PARTIES HERETO AGREE AS FOLLOWS:

The Parties have engaged in good faith settlement discussions, and have agreed as follows:

## 1.0 SETTLEMENT CONSIDERATION & TERMS

1. Upon the approval of this settlement agreement by the Court, defendants Smith and Ash Street, collectively, will pay to Goodrich, care of her counsel, CARPENTER & ZUCKERMAN the sum of Twenty Thousand ($20,000.00) and no/100 dollars.

<u>Pursuant to the Terms of the Settlement</u>:
   a. Ten Thousand ($10,000.00) shall be paid no later than ten (10) days after the execution of this Agreement, thereafter,
   b. Five Thousand ($5,000.00) shall be paid no later than thirty (30) days after the execution of this Agreement, thereafter,
   c. Five Thousand ($5,000.00) shall be paid no later than sixty (60) days after the execution of this Agreement, to satisfy the payment obligation in full.
   d. The payments will be made payable to the CARPENTER & ZUCKERMAN Trust Account via wire, check, or Money Order. The funds shall be reported to CARPENTER & ZUCKERMAN and the Participating Plaintiff via a 1099.

2. As Plaintiff has already filed a Notice of Settlement with the Court on March 28, 2022, the parties shall immediately advise the United States District Court for the Central District of California-Southern Division, of this settlement upon its execution, and request that the litigation proceedings be stayed pending approval hereof by the Court. Upon said approval, and receipt of the cash consideration herein, Goodrich shall advise the United States District Court for the Central District of California-Southern Division, that this matter has been fully and finally resolved, that the Court be so advised and that the matter should be closed.

3. Upon receipt of said payment, and clearance of such amount, and final approval of the Court Goodrich will file a Stipulated Judgment of her action in the federal action.

4. As part of this agreement, COMPANY and Entertainer will enter into a Stipulated Judgment that may be executed and submitted to the District Court for entry for failure to make payments consistent with this agreement. The Court will maintain jurisdiction of this matter to effectuate entry and execution of the Stipulated Judgment. In the event of a breach, Entertainer will be entitled to unilaterally and without notice apply for reinstatement of the FLSA Case to the

Court's active calendar for entry of judgment against COMPANY. Entertainer shall submit the following to the Court: (1) declaration(s) attesting to the breach; (2) the interest accrued; (3) attorneys' fees incurred and payments made, if any; and (4) the resulting amount to the Stipulated Judgment. A copy of the Stipulated Judgment is attached hereto as **Exhibit "1".**

5. This is a good faith settlement of disputed claims. This Agreement does not constitute an admission by COMPANY of any wrongdoing.

6. Entertainer hereby releases and forever discharges COMPANY, its past or present parents, subsidiaries, spouses, heirs, assigns, agents, representatives, attorney(s), consultants, partners, successors, landlords, whether named in the FLSA Case, or not, including each entities' officers, directors, shareholders, agents, employees, managers partners, attorney(s), successors, consultants, representatives, landlords, and assigns, whether named in the FLSA Case, or not, (all of the above collectively the "Released Parties") from any and all claims under the Fair Labor Standards Act and the California Labor Code, that were in the above-entitled Complaint.

7. Entertainer individually agrees and warrants that COMPANY'S promises made under this Agreement and performance thereof constitute full satisfaction of any and all of Entertainer's claims under the Fair Labor Standards Act and/or the California Labor Code, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, against COMPANY and/or the Released Parties. Should Entertainer be identified as a potential class member in any Class Action against COMPANY or any of the Released Parties for claims under the Fair Labor Standards Act and/or the California Labor Code, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, Entertainer agrees that any and all claims by her are specifically settled in this Agreement and that she will opt-out of any such Class Action.

8. COMPANY'S Settlement Payment shall be reported to the Internal Revenue Service ("IRS") on Tax Form 1099. COMPANY makes no representations as to the tax treatment of the payment called for in this Agreement and Entertainer is not relying upon any statement or representation by COMPANY. Entertainer's recovery is considered liquidated damages. The amount allocated to costs is $1,431.46 and the fees are $9,000.00. The remaining $9,508.54 is allocated

3

to Entertainer. Costs are being allocated to the first payment. The costs, fees and amount to client are allocated as follows:

|         | Gross Amount | Costs      | Fees       | To Entertainer |
|---------|--------------|------------|------------|----------------|
| Payment | $20,000.00   | $ 1,431.46 | $9,000.00  | $9,508.54      |

      9.    Time is the essence of this Agreement.

      10.   This Agreement is an integrated agreement and contains the entire understanding and agreement of the parties and shall not be changed modified amended, extended, terminated, waived or discharged, except by an instrument in writing, signed by the Parties hereto. This Agreement supersedes all prior agreements and understanding except as herein expressly stated.

      11.   The rights and duties of the parties under this Agreement shall be governed by the laws of the State of California and the United States of America pursuant to the FLSA. Any action to enforce any right under this Agreement shall be brought in the United States District Court for the Central District of California Los Angeles County, State of California. Should it become necessary to initiate any action to enforce this Agreement then the prevailing party in any such action shall recover, in addition to other relief granted by the court, costs and reasonable attorney fees. This includes, but is not limited to, seeking entry and enforcement of the Stipulated Judgment.

      12.   The waiver by either party of any term, covenant or condition herein contained shall not be deemed a continuing waiver of that term, covenant or condition, or any subsequent breach of the same or any other term, covenant or condition of this Agreement.

      13.   This Agreement may be executed in any number of counterparts each of which when taken together shall constitute but one original. Faxed, PDF (scanned) signatures, and/or electronic signatures (such as DocuSign) shall be deemed valid as if they were inked originals.

      14.   The Parties hereby represent and warrant that they are entering into this Agreement knowingly and voluntarily; that they are each represented by counsel and that they have received advice of counsel regarding the subject matter hereof in order to consider the decision of whether or not to execute this Agreement; that they

understand the terms and effects of the Agreement; that they are executing this Agreement free from any duress, and undue influence, mistakes of fact or law, fraud, undue influence, and that they are executing this Agreement in a non-coercive atmosphere.

15. The portions of this agreement, not involving settlement payments, are severable.

In witness whereof, the Parties knowingly and voluntarily executed this Agreement on the date set forth below.

Dated: 4/20/2022, 2022



Ash Street Venture, Inc. *dba* House Of Eden

By: _____
Ronald Theron Smith

_____
Ronald Theron Smith

Dated: 4/27/2022, 2022

_____
Sarah Goodrich

# EXHIBIT 1

John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Boulevard
Beverly Hills, California 90066
Telephone: 310-507-7924
Facsimile:  310-507-7906
*kristensen@cz.law*
*jmartinez@cz.law*

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SARAH GOODRICH, an individual, | Case No.: 8:21-cv-02134-CJC-ADS |
| Plaintiff, | **COLLECTIVE ACTION** |
| vs. | **[Proposed] JUDGMENT IN FAVOR OF SARAH GOODRICH PURSUANT TO STIPULATION** |
| ASH STREET VENTURE, INC. dba HOUSE OF EDEN, a California corporation; RONALD THERON SMITH, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive, | |
| Defendants. | |

Based on the record before it, the Court finds that there is no just cause for delay in the entry of a final judgment in favor of plaintiff Sarah Goodrich and against defendants Ash Street Venture, Inc. dba House of Eden, a California corporation; and Ronald Theron Smith, an individual.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff Sarah Goodrich and against defendants Ash Street Venture, Inc. dba House Of Eden, and Ronald Theron Smith, jointly and severally in the **AMOUNT OF TWENTY THOUSAND DOLLARS ($20,000)**, as well as $_____ in interest since April ____, 2022; and $_____ in attorneys' fees and costs incurred since April ____, 2022, in connection with the entry and enforcement of this Judgment, minus $_____ for the amounts paid for a **TOTAL AMOUNT OF $_____**.

As stipulated by plaintiff Sarah Goodrich and against defendants Ash Street Venture, Inc. *dba* House of Eden, and Ronald Theron Smith, this judgment shall not, and does not, have limitation, or operate as a bar, to collect any additional amounts due or to take further legal action to enforce the agreement and this judgment.

Dated: _____                    _____
                                         Honorable Cormac J. Carney
                                         United States District Judge