UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SARAH GOODRICH,<br><br>Plaintiff,<br><br>v.<br><br>ASH STREET VENTURE, INC. d/b/a HOUSE OF EDEN; RONALD THERON SMITH; and DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No.: SACV 21-02134-CJC (ADSx)<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF FLSA SETTLEMENT [Dkt. 18] |

## I. INTRODUCTION & BACKGROUND

On December 30, 2021, Plaintiff Sarah Goodrich filed this putative collective action against her former employer, Ash Street Venture, Inc. d/b/a House of Eden ("House of Eden") and the owner of House of Eden, Defendant Ronald Theron Smith.

(Dkt. 1 [Complaint, hereinafter "Compl."].)  House of Eden is "an adult-oriented entertainment facility" located in Fullerton, California.  (Dkt. 18 [Plaintiff's Unopposed Motion for Approval of FLSA Settlement, hereinafter "Mot."] at 1.)  Plaintiff worked as an exotic dancer at House of Eden from August 2020 to December 2020.  (*Id.*)  Plaintiff brings nine claims against Defendants, including failure to pay minimum wages under California Labor Code § 1194 as well as under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206.  Plaintiff also alleges overtime claims pursuant to California Labor Code §§ 510, 1194, and 1997.  Plaintiff also alleges that she was improperly charged "house fees" to work at House of Eden, constituting illegal kickbacks under 29 C.F.R. §531.35.  Plaintiff similarly contends that Defendants failed to furnish her wage statements in violation of California Labor Code §§ 450, 350, *et seq.*, and 2802.  Finally, Plaintiff also alleges that Defendants unlawfully "encouraged" Plaintiff to tip DJs, managers, and security staff who also worked at House of Eden, subsidizing House of Eden's payment of wages to other club employees, and Defendants improperly retained tips from customers whom Plaintiff provided private dances to.  (Dkt. 18-1 [Declaration of John P. Kristensen ISO of FLSA Settlement Approval, hereinafter "Kristensen Decl."] ¶ 26.)

After an arduous negotiations process, the parties have entered into a settlement agreement (the "Settlement Agreement").  (Dkt. 18-2, Ex. 1 [Settlement Agreement].)  It provides for a total settlement amount of $20,000 to be paid over three installments.  (*Id.* at 2.)  The first payment of $10,000 shall be paid no later than ten (10) days after the execution of the Settlement Agreement.  (*Id.*)  The second payment of $5,000 shall be paid no later than thirty (30) days after the execution of the Settlement Agreement.  (*Id.*)  The third and final payment of $5,000 shall be paid no later than (60) days after the execution of this Agreement.  (*Id.*)  Plaintiff is to be allocated $9,908.54 of that sum, with the remaining $10,031.46 allocated to Plaintiff's attorneys for fees and costs.  (Kristensen Decl. ¶ 28.)  The sum allocated to Plaintiff is in-line with her estimated damages in this case, which includes $7,424.00 in unpaid minimum wages, $1,600 to reimburse Plaintiff

for improperly paid "house fees," and $800 for reimbursement of forced tips. (Mot. at 3; Kristensen Decl. ¶ 30.) Before the Court is Plaintiff's unopposed motion for approval of the Settlement Agreement. (Mot.) For the following reasons, the motion is **GRANTED**.[1]

## II. DISCUSSION

The Fair Labor Standards Act ("FLSA") was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). It requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). Employees who work in a "bona fide executive, administrative, or professional capacity," however, are exempt from this requirement. *See* 29 U.S.C. § 213(a)(1). Because the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction," its exemptions are "narrowly construed." *Klem v. Cty. of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotation marks and citations omitted). An "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir. 1983).

An employee may not settle and release her FLSA claim against an employer without the approval of either the Secretary of Labor or a district court. *Seminiano v. Xyris Enter., Inc*., 602 F. App'x 682, 683 (9th Cir. 2015); *see* 29 U.S.C. §§ 216(b), (c). The Ninth Circuit has not set forth specific criteria for courts to consider when evaluating an FLSA settlement. District courts in this circuit frequently rely on the Eleventh

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 11, 2022, at 1:30 p.m. is hereby vacated and off calendar.

Circuit's standard in *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). Under that standard, a court cannot approve an FLSA settlement unless (1) the employee's claim involves a "bona fide dispute" over FLSA liability, and (2) the settlement is a fair and reasonable resolution of that dispute. *Lynn's Food Stores*, 679 F.2d at 1353. "A bona fide dispute exists when there are legitimate questions about the existence and extent of [the defendant's] FLSA liability." *Kerzich v. Cty. of Tuolumne*, 335 F. Supp. 3d 1179, 1184 (E.D. Cal. 2018) (citation omitted).

The Settlement Agreement involves a bona fide dispute over Plaintiff's coverage under the FLSA. Plaintiff's counsel has conducted an investigation of Plaintiff's claim through informal discovery as part of good-faith negotiations with Defendants. (Kristensen Decl. ¶ 37.; *see* Mot. at 12 ["The proposed Settlement was the result of extensive pre-suit investigation, review of informal discovery and currently available information regarding Defendants' financial strength, and carefully crafted negotiations between counsel and the Defendant."].) The parties have "strenuously different" opinions about whether dancers at House of Eden qualify as employees or independent contractors and whether the "house fees" Defendants charged and collected belong to Defendants or Plaintiff. (Mot. at 6.) Plaintiff represents that part of the reason she is choosing to settle this case rather than proceed forward in the litigation is not because of a lack of a bona fide dispute between the parties but because she has taken into consideration the frail economic position of House of Eden since it was directly impacted by COVID-19 closures. (*Id.*) Additionally, Plaintiff concedes that she has not maintained detailed records concerning the improperly paid "house fees" and tips, nor has she maintained detailed records regarding her work shifts. These facts "played a role" in the estimation of Plaintiff's damages in this case. (Kristensen Decl. ¶ 32.) Given that there are "legitimate questions" concerning whether Plaintiff is exempt from FLSA's provisions, the Court is satisfied that a bona fide dispute exists here.

The Court next considers whether the Settlement Agreement reflects a fair and reasonable resolution of Plaintiff's claims. In making this determination, district courts in this circuit have adopted a "totality of [the] circumstances approach that emphasizes the context of the case and the unique importance of the substantive labor rights involved." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016). This approach considers many of the factors relevant to Rule 23 class action settlements, including the plaintiff's range of possible recovery, the stage of proceedings, the seriousness of the litigation risks, the experience and views of counsel, and the possibility of fraud or collusion. *Id.* Ultimately, the Court must be "satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Kerzich*, 335 F. Supp. 3d at 1185 (quoting *Selk*, 159 F. Supp. 3d at 1173).

The totality of the circumstances support approval of the Settlement Agreement. Plaintiff seeks liquidated minimum wages and reimbursement for improperly paid "house fees," and forced tip-outs. In total, this sum is estimated to be $9,824.00, which is comparable with the $9,908.54 pay-out she is afforded under the terms of the Settlement Agreement. (Kristensen Decl. ¶¶ 30, 31.) Plaintiff's undisputed estimation of her damages is reasonable given that she provides she worked at House of Eden for four months, four (4) nights a week, totaling 80 shifts. (*Id.* ¶ 29.) Plaintiff's counsel, an experienced employment litigation attorney in both the individual and collective context, also estimated that Plaintiff's damages, had the case proceeded to trial, would have been in the $10,000 range. (Kristensen Decl. ¶¶ 2–18, 30.) Thus, Plaintiff is receiving slightly more than the total damages she originally sought when she initiated this action.[2]

---

[2] Although Plaintiff initially brought this action as a collective one, the Court notes that the scope of the Settlement Agreement is limited to the resolution of her claims as individual. (*See* Settlement Agreement.) That is, this Settlement Agreement does not preclude the claims of other dancers who worked at House of Eden who may wish to pursue an action against the Defendants in this case.

In light of the significant dispute over FLSA coverage between the parties in this action, Plaintiff's lack of records supporting her unpaid wages and improperly paid house fees and tips, the Court finds this figure a fair and reasonable proportion of Plaintiff's possible recovery. There is no evidence before the Court that it was reached through fraud or collusion. And district courts in the Ninth Circuit have approved FLSA settlements where a plaintiff was only recovering less than half of the total possible recovery available to them. *See Glass v. UBS Financial Services, Inc.*, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009); *Greer v. Pac. Gas & Elec. Co.*, 2018 WL 2059802, at *8 (E.D. Cal. May 3, 2018); *Johnson v. MetLife, Inc.*, 2014 WL 12773568, at *9 (C.D. Cal. Nov. 6, 2014). Finally, Plaintiff does not represent that her possible recovery could have been significantly more than what she seeks here. (*See generally* Mot.)

The remaining settlement amount will be apportioned to attorneys' fees and costs based on a contingency fee. (Mot. at 13–14.) "Designating a portion of a settlement as attorneys' fees is appropriate and commonplace in the context of the FLSA." *Kerzich*, 335 F. Supp. 3d at 1185; *see* 29 U.S.C. § 216(b) (entitling prevailing party to attorneys' fees from opposing party). Because Plaintiff's settlement amount specifically incorporates an award of attorneys' fees, the Court considers that award when determining whether the settlement is fair and reasonable. Here, Plaintiff's counsel will receive $9,000.00 in attorneys' fees and $1,431.46 in costs. The fee award is less than the lodestar amount ($11,653.50), reflecting a negative multiplier of 0.79. (Mot. at 12.) The Court finds this amount fair, given the quality and experience of Plaintiff's counsel and Plaintiff's obstacles to prevailing on the merits given the lack of supporting records in this case. (*See* Kristensen Decl. ¶¶ 2–19.)

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for approval of her FLSA settlement is **GRANTED**. A judgment consistent with this order shall be issued forthwith.

DATED: July 7, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE