# JS-6

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SARAH GOODRICH, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ASH STREET VENTURE, INC. dba HOUSE OF EDEN, a California corporation; RONALD THERON SMITH, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 8:21-cv-02134-CJC-ADS<br><br>**COLLECTIVE ACTION**<br><br>**FINAL JUDGMENT AND ORDER IN FAVOR OF SARAH GOODRICH PURSUANT TO COURT'S APPROVAL OF THE FLSA SETTLEMENT** |

# FINAL JUDGEMENT AND ORDER

Plaintiff's Unopposed Motion for Approval of the FLSA Settlement came before the Court on June 23, 2022. Plaintiff was represented by John P. Kristensen of Carpenter & Zuckerman; Defendants were self-represented. On July 07, 2022, the Court, having considered the Unopposed Motion for Approval of the FLSA Settlement and the Settlement Agreement ("Settlement Agreement") and having read and considered all of the papers and argument of the Parties and their counsel, having granted preliminary order of Plaintiff's Motion for Approval on July 7, 2022, and having received no objections and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that

1. The capitalized terms used in this Judgment and Order shall have the same meaning as defined in the executed Settlement Agreement between the Parties, except as otherwise expressly provided.

2. As stipulated by plaintiff Sarah Goodrich and against defendants Ash Street Venture, Inc. *dba* House of Eden, and Ronald Theron Smith, this judgment shall not, and does not, have limitation, or operate as a bar, to collect any additional amounts due or to take further legal action to enforce the agreement and this judgment.

3. The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore approves with finality, the Settlement Agreement for the reasons set forth Plaintiff's Unopposed Motion for Approval of the FLSA Settlement, including, but not limited to, the fact that the Settlement Agreement were the product of informed, arms'-length negotiations between competent, able counsel and a Defendant whose economic position was uncertain; the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Actions involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and

the risks of continued litigation; the Settlement Agreement provides meaningful relief and monetary benefit for the Plaintiff and the Defendant expressed his willingness to settle almost immediately, and careful negotiations took place to achieve that end. With the crafting of reasonable negotiation terms, the Parties were able to reach a Settlement.

4. The Settlement Agreement is in the best interests of the Plaintiff considering the extent of the relief obtained in relation to the risks faced by the Plaintiff in continuing to litigate her claims in the action. The relief provided under the Settlement Agreement is appropriate as to the harms suffered by the individual Plaintiff. All statutory and constitutional requirements have been met and satisfied. Accordingly, the Court finds that the terms of the Settlement are fair, reasonable, and adequate to compensate the Plaintiff. The Parties shall effectuate the Settlement in accordance with the terms of the Settlement Agreement.

5. The Court approves the terms of settlement as defined in the Settlement Agreement.  As of the Effective Date of the Settlement, as defined in the Agreement, all of the named claims of the Plaintiff are and shall be deemed to be conclusively released as against the Defendants. Except as to such rights or claims that may be created by the Settlement, Plaintiff hereby forever barred and enjoined from commencing or prosecuting any of the released claims, either directly, representatively or in any other capacity, against the Defendants.

6. The Court finds that, pursuant to the Settlement Agreement executed by the Parties, Plaintiff Sarah Goodrich is awarded $9,508.54. The Court finds that this award is fair, reasonable, and adequate, and orders that the Defendants make these payments in conformity with the terms and timing of the Settlement Agreement.

7. The Court finds that attorneys' fees in the amount of $9,000.00 and actual litigation costs of $1,431.46 which are fair, reasonable, and adequate, and

orders that the distributions of these fees occur in conformity with the terms of the Settlement.

8. All payments shall be made in accordance with the Order Approving Plaintiff's Motion for Approval of the FLSA Settlement and Settlement Agreement dated July 07, 2022 (Dkt. No. 20).

9. Except as provided in this Order, Plaintiff shall take nothing against Defendants by her Complaint, and final judgment shall be entered thereon, as set forth in this Order.

10. There is no just reason for delay in the entry of this Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: August 19, 2022

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

CC: FISCAL

FINAL JUDGMENT AND ORDER IN FAVOR OF SARAH GOODRICH PURSUANT TO COURT'S APPROVAL OF THE FLSA SETTLEMENT